Learned, P. J.
The plaintiff formed a good cause of action against the defendant on a contract arising thus. The-plaintiff, the defendant and one Wallace R. met. Wallace R. owed plaintiff sixteen dollars. Defendant owed Wallace R. sixteen dollars. The three persons mutually agreed that defendant should pay plaintiff the sixteen dollars, and that plaintiff should (as he at once did) release Wallace R. from the sixteen dollars.
The complaint in justice’s court alleges that defendant was indebted to plaintiff for sixteen dollars, paid to Wallace R. at defendant’s request. This was not exactly accurate. Because plaintiff did not pay money; he released a debt.
But the question is, should a proper recovery be reversed for this. The defendant did not appear on the trial. If he had appeared and made objection, an amendment could have been had. Section 2944. Such an amendment must now be made on appeal “if substantial justice will be promoted thereby.” Same section. Variance is to be disregarded. Sec. 2943. The pleadings need be in no particular form. Sec. 2940.
The defendant must have understood what was intended by the complaint; although the consideration of the indebtedness was inaccurately stated. And in actions in-jr,,r^es court where substantial justice has been done,, ¿he judgment should be affirmed, if possible.
Judgment of county court reversed and that of justice’s affirmed, with costs.
Landon, J., concurs.